PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**IN THE UNITED STATES DISTRICT COURT
FOR THE <u>NORTHERN</u> DISTRICT OF TEXAS
<u>WICHITA FALLS</u> DIVISION**

NORTHERN DISTRICT COURT
DISTRICT OF TEXAS
FILED

JAN 2 6 2022

CLERK, U.S. DISTRICT COURT
By _____ 11:09 am
Deputy

Carl David Jones, 1517939
Plaintiff's Name and ID Number
James V. Allred Unit
2101 FM 369 N, Iowa Park, Texas 73676
Place of Confinement

v. Texas Dept. of Criminal Justice,
P.O. Box 13084, Austin, Texas 78711
Defendant's Name and Address
Bobby Lumpkin, Executive Director,
Correctional Institution Division, TDCJ
Defendant's Name and Address
Brian Collier, EXECUTIVE Director, TDCJ
P.O. Box 13084, Austin, Texas 78711
Defendant's Name and Address
( DO NOT USE "ET AL.") (See Attached List of Defendants)

CASE NO. **7-22CV-007-0**
(Clerk will assign the number)

Plaintiff Request A Trial
By Jury!
Plaintiff Request A Spears
Video Hearing!

**INSTRUCTIONS – READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00.**

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: __July 26, 2016__

        2.  Parties to previous lawsuit:
            Plaintiff(s) __Carl David Jones__
            Defendant(s) __Texas Department of Criminal Justice (TDCJ)__

        3.  Court: (If federal, name the district; if state, name the county.) __Northern District Texas__

        4.  Cause number: __1:16-CV-144-BL__ __Abilene Division__

        5.  Name of judge to whom case was assigned: __Magistrate Judge Scott Frost__

        6.  Disposition: (Was the case dismissed, appealed, still pending?) __Dismissal Reversed__

        7.  Approximate date of disposition: __January 29, 2018__

Rev. 05/15

II.   PLACE OF PRESENT CONFINEMENT: TDCJ-CID James V. Allred Unit 2101 F.M. 369 North, Iowa Park, Texas 76367

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Carl David Jones, No. 1517939, James V. Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367-6865

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Texas Department of Criminal Justice, P.O. Box 13084, Austin, Texas 78711-3084

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to provide timely life saving medical treatment

Defendant #2: Bobby Lumpkin, Executive Director, Correctional Institutional Division, TDCJ, P.O. Box 99, Huntsville, Texas 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to discharge delegated duty from Executive Director Brian Collier

Defendant #3: Brian Collier, Executive Director, TDCJ P.O. Box 13084, Austin, Texas 78711-3084

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to discharge statutory duty to cause enforcement of the law.

Defendant #4: Dr. Lannette Linthicum, Medical Director, TDCJ, 2 Financial Plaza, Ste. 625, Huntsville, Texas 77340-3558

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Promulgated department policy for treating Hepatis-C

Defendant #5: Philip Keiser, TDCJ Correctional Health Care Committee, P.O. Box 99, Huntsville, Texas 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Promulgated policy for department for treating Hepatis-C

Defendant #6: Cynthia Jumper, TDCJ Correctional Healthcare Committee, P.O. Box 99, Huntsville, Texas 77342-0099
Promulgated policy for department for treating Hepatis-C

Rev. 05/15

3

IV. Parties To This Suit, B. Continued:

Defendant #7: Rodney Burrow, TDCJ Correctional Healthcare Committee, P.O. Box 99, Huntsville, Texas 77342-0099.

Promulgated policy for department for treating Hepatitus-C.

Defendant #8: Parker Hudson, III, TDCJ Correctional Healthcare Committee, P.O. Box 99, Huntsville, Texas 77342-0099.

Promulgated policy for department for treating Hepatitus-C.

Defendant #9: Erin Wyrick, TDCJ Correctional Healthcare Committee, P.O. Box 99, Huntsville, Texas 77342-0099

Promulgated policy for department for treating Hepatitus-C.

Defendant #10: John Burruss, TDCJ Correctional Healthcare Committee, P.O. Box 99, Huntsville, Texas 77342-0099

Promulgated policy for department for treating Hepatibus-C

(Page 3)

IV.     Parties To This Suit, B. Continued:

Defendant #11: Preston Johnson, Jr., TDCJ Correctional Healthcare Committee, P.O. Box 99, Huntsville, Texas 77342-0099.

Promulgated policy for department for treating Hepatitus-C

Defendant #12: Dee Budgewater, in their official capacities as the members of the TDCJ Correctional Healthcare Committee, and

Defendant #13: Owen Murray, in his official capacity as the director, of the University of Texas Medical Branch Correctional Healthcare program.

Defendant #14: Dr. Sheri Talky, Region VI, TDCJ Medical Director, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799.

Allowed Dr. Robert O. Martin to misapply department policy and exceed his professional expertise

Defendant #15: Dr. Robert O. Martin, Unit Physician, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799.

Exceeded his professional medical expertise and caused delay that destroyed Plaintiff's vital organ liver and kidney.

(Page 3)

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Paragraph One: Defendants knew that Plaintiff had contracted and was infected with the curable disease Hepatis-C virus on September 8, 2008. Plaintiff was in State custody on September 8, 2008, and has remained in State Custody (See Attached Pages For Continued Statement Of Claim)

VI.    RELIEF:

State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

(1) Cost of litigation; (2) reasonable attorney fees; (3) Declaratory Judgements (a) Defendants had a legal duty and obligation by (See Attached Pages)

VII.    GENERAL BACKGROUND INFORMATION:

A.    State, in complete form, all names you have ever used or been known by including any and all aliases.
NA (Not Applicable) Carl David Jones

B.    List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
NA (Not Applicable) Number 1517939

VIII.    SANCTIONS:

A.    Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  ✓ NO

B.    If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.    Court that imposed sanctions (if federal, give the district and division): NA

2.    Case number: NA

3.    Approximate date sanctions were imposed: NA

4.    Have the sanctions been lifted or otherwise satisfied? NA ____YES  ✓ NO

Rev. 05/15

4

Page 4: <u>I. Statement Of Claim Continued:</u>

<u>Paragraph One Continued:</u> continuously and dependent upon the State of Texas for all of the basic necessities of life including the medical treatment and cure for Hepatis C.

<u>Paragraph Two:</u> The Texas Department of Criminal Justice, at the Correctional Institution Division, (TDCJ-CID) is the same as the State, and charged with the obligation and duty to provide the basic necessities of life to Texas prisoners like Plaintiff.

<u>Paragraph Three:</u> Bryan Collier, is the Executive Director of the TDCJ, and has the statutory obligation and duty to promulgate and to enforce all the necessary polices, rules, regulations, procedures, administrative directives, and practices necessary to maintain and operate a

(4)

V. Statement of Claim Continued:

Paragraph Three Continued: constitutional, state penitentiary, and to enforce all the laws applicable to the management and operation of TDCJ-CID under Title 4, Texas Government Code, Section 493.006(a)-(b), although the statutory duty can be delegated to a subordinate.

Paragraph Four: Bobby Lumpkin, is the Executive Director, of the Correctional Institution Division, (CID) and has been delegated the duty and obligation Texas owes to enforce the management and operation of the state prison system under the United States Constitution.

Paragraph Five: Dr. Lannette Linthicum, is a medical doctor, and serves Texas, as the Deputy Director, of inmate healthcare, and a member of the Correctional

(4)

V. Statement of Claim Continued:

Paragraph Five Continued:

Managed Healthcare Committee (CMHCC). She is sued in both official capacities as the Deputy Director, and as a member of the CMHCC, employed by University of Texas Medical Branch (UTMB) in Galveston, Texas.

Paragraph Six: After Dr. Ariwan Rakvit, Medical Doctor, examined Plaintiff three times at the John T. Monford Unit, in Lubbock, Texas, and recommended Plaintiff for medical treatment upon his return to the French M. Robertson Unit, in Abilene, Texas, with a priority one push to immediately treat Plaintiff at the time with a curable Hepatis-C infection and virus, Dr. Robert O. Martin, ignored Dr. Rakit's recommendation and

(4)

## V. Statement of Claim Continued:

<u>Paragraph Six Continued:</u>   and exceeded his authority delaying and denying Plaintiff medical treatment that was available and would have saved Plaintiff's life. But for the blatant calloused and deliberate indifference towards Plaintiff's immediately serious medical need, Dr. Martin subjected Plaintiff too, the recommended priority one access to medical treatment Dr. Rakvit prescribed after examination, would have been timely and the treated Hepatis-C virus would not have digressed beyond cure causing Plaintiff to be diagnosed as terminally ill by Dr. Marci Odal, and compelled Plaintiff to accept hospice status, at the James V. Allred Unit, or to be constantly in excruciating pain from terminal illness until his death.

(4)

V. Statement of Claim Continued:

Paragraph Seven:  October 31, 2019, Dr. Nathan A. Wright, ordered the treatment available under the current policy, and Plaintiff was transferred from the James V. Allred Unit, to the Mark Stiles Unit, in Beaumont, Texas. January 23, 2020, Plaintiff finished treatment and on February 3, 2020, Plaintiff returned to the James V. Allred Unit, in Iowa Park, Texas.

Paragraph Eight: December 23, 2020, Plaintiff consented to be placed in the James V. Allred Unit's hospice program and signed the Notarized "Do-Not-Resiutate (DNR) form by Correctional Officer Larry D. Goatley, Jr.

Paragraph Nine: June 14, 2021, Plaintiff filed his Step One TDCJ-CID administrative grievance number

(4)

## V. Statement of Claim Continued:

<u>Paragraph Nine Continued:</u> 2021123003, notifying the department that after his ambulance transfer to the local free world hospital June 11, 2021, and admission until June 13, 2021, Dr. Marci J. Odal personally refused to place Plaintiff on the liver transplant list. On June 24, 2021, Kenyon Page, Hospital Administrator, answered Plaintiff's Step 1 grievance justifying the action taken by Dr. Odal.

<u>Paragraph Ten:</u> July 1, 2021, Plaintiff filed his Step 2 administrative appeal for grievance number 2021123003, and on July 21, 2021, the TDCJ Office of Professional Standards responded citing Plaintiff's electronic recorded medical history and citing the Correctional Medical Healthcare (CMHC) policy promulgated by the defendants

(4)

I. Statement of Claim Continued:

Paragraph Ten Continued:    from three to twelve, and approved by defendant Bryan Collier, after delegation authorized under the Texas Government Code, Section 493.006 (a)(b).

Paragraph Eleven: June 14, 2021, Plaintiff filed Step 1 grievance number 2021123003, against Dr. Marci J. Odal for failing to place him on the liver transplant list, and requesting surgery for the three hernias. June 24, 2021, Kenyon Lacy, did answer and respond to the Step 1 Notice for grievance number 2021123003, citing CMHC Policy A-01-1 promulgated by these defendants. Plaintiff appealed and filed his Step 2 grievance on July 1, 2021, and twenty days later on July 21, 2021, the Office of Professional Standards cited CMHC policy 4.1 in

(4)

**V.** **Statement of Claim Continued:**

Paragraph Eleven Continued: in Huntsville, Texas, at the TDCJ Health Services Division.

Paragraph Twelve: April 13, 2021, Plaintiff filed Step 1 grievance number 2021096010, against Nurse Practioner (NP) Staci W. Herring, complaining about the excurating pain derived from the three hernias. April 30, 2021, Kenyon Page answered the Step 1 notice citing CMHC A-01-1 policy promulgated by these defendants. May 7, 2021, Plaintiff filed his Step 2 appeal, and May 21, 2021, the Office of Professional Standards cited CMHC A-12-1 promulgated by these defendants.

## V.   Statement of Claim Continued:

Paragraph Thirteen: All the defendants are sued in their official capacity and individual capacity as Texas officials and medical professionals.

Paragraph Fourteen: Plaintiff request a video television Spears hearing at the James V. Allred Unit, or alternatively a teleconference in the prison law library.

Paragraph Fifteen: Plaintiff demands a trial by a jury, and assistance from the U.S. Marshals Service.

## VI.   Relief Requested Continued: statutory and constitutional provision to provide Plaintiff the basic necessities of life under the Eighth Amendment after his conviction, including but not limited to adequate medical care and treatment to cure liver disease from the virus

(4)

VI  Relief Requested Continued:

caused by Hepatis-C, (B) that after Plaintiff was

sentenced to "LIFE WITHOUT PAROLE," Defendants

were the only source of medical treatment available, (C)

that Defendants Knew of an available treatment plan

to cure the virus caused by Hepatis-C, and subjected

Plaintiff to calloused and deliberate indifference based on

the policy promulgated in Huntsville; (d) that Defendants

delayed treatment until Plaintiff was subjected to life

threatening damage to his Kidney and liver; (e) that the

collateral damage to Plaintiff's body resulting from the

virus Hepatis-C caused the multiple hernias and excruiating

pain and placed Plaintiff at risk of additional life

threatening risk by causing his intestines to become

(4)

VI Relief Requested Continued:

incarcerated; (f) that the damage to Plaintiff's body and the multiple hernias reduced Plaintiff's mobility, and ability to walk; (g) that Defendants caused the chronic liver damage by withholding medical treatment until Plaintiff was diagnosed terminally ill; (h) that the Defendants caused the delay in treatment after a qualified healthcare provider examined Plaintiff and directed providers at the French M. Robertson Unit, to place Plaintiff on "Tier 1 treatment".

   Additionally, Plaintiff request the court to order the Defendants to place him on the waiting list for a liver transplant to replace the damaged organ.

   Damages: Plaintiff request nominal damages

(Page 4)

## VI  Relief Requested Continued:

Damages Continued:  of one hundred dollars ($100.00) from each defendant; Plaintiff request any amount of compensatory damages that the Court deems is appropriate, PUNITIVE DAMAGES:  Plaintiff request that Defendants pay the amount of "FIVE MILLION DOLLARS" in punitive damages for the pain and suffering he has been subjected to and the loss of health, and the loss of relationship with his family. Finally Plaintiff seeks any further relief the district court may deem he is entitled to under the law.

# CAUSE OF ACTION

## COUNT # 1

Eigth Amendment to the U.S.
Constitution, via 42 U.S.C. § 1983

<u>Paragraph Sixteen</u>: Defendants and its policy makers
know about and enforce the policies and practices described
and relied upon in this Rule 8 complaint. Defendants and
its policy makers know of Plaintiffs infection with Hepatis C,
and other life threatening terminal illnesses, yet Defendants
has intentionally failed and refused to provide timely
treatment that would have cured Plaintiff's infection and
preserved Plaintiffs life and address his serious medical need.
Defendants and its policy makers know because of Plaintiff's
sentence upon conviction for Capital Murder, as long as
Plaintiff lived he was dependent on the department,

(Page 4)

# CAUSE OF ACTION

## COUNT #1 CONTINUED

and the State of Texas, for all the basic necessities of life including the medical treatment required to timely cure his liver and kidney diseases, and their symptoms including death.

Paragraph Seventeen: Defendants caused the wanton infliction of pain upon Plaintiff after they knew that Plaintiff legitimately needed timely treatment, and after Dr. Ariwan Rakvit recommended Plaintiff for Tier One placement upon conclusion of her examination, and has exhibited blatant calloused and deliberate indifference to the serious medical needs of Plaintiff leaving him to suffer in pain in violation of the Eighth Amendment.

(Page 4)

# CAUSE OF ACTION

## COUNT #1 CONTINUED

<u>Paragraph Eighteen</u>: Defendants knows, and has known, of the substantial risk of life threatening harm, and actual harm, faced by Plaintiff from his ongoing and continuous efforts and complaints to obtain timely health cure and medical treatment for the infectious diseases that will eventually cause his death and has caused him to be placed in hospice status waiting to die.

<u>Paragraph Nineteen</u>: By denying Plaintiff timely Tier One medical treatment after Dr. Ravkitt examined Plaintiff, and ignoring Dr. Ravkitt's recommendation, Defendants has imposed punishment far in excess of that authorized by the Texas Penal Code, contrary to the Eighth Amendment.

(Page 4)

# CAUSE OF ACTION

## COUNT #1 CONTINUED

Paragraph Twenty: Defendants timely denial of Plaintiff's medically necessary treatment violates all standards of decency, contrary to the Eighth Amendment.

Paragraph Twenty One: Defendants actions and the calloused and deliberate indifference Plaintiff has been subjected to amount to grossly inadequate health care in violation of the Eighth Amendment.

Paragraph Twenty Two: Defendants actions with respect to Plaintiff's efforts to be provided timely health care, is so cursory as to amount to no medical care at all until it was to late to prevent death.

(Page 4)

# CAUSE OF ACTION

## COUNT #1 CONTINUED

Paragraph Twenty Three: As a direct and proximate cause of this pattern, practice, policy, and calloused and deliberate indifference, Plaintiff has suffered and continues to suffer from harm and violation of the Eighth Amendment rights. These harms will continue unless this Court enjoins these defendants and orders Plaintiff to be placed on the liver transplant list.

## COUNT #2
## Americans with Disability Act, 42 U.S.C § 12131

Paragraph Twenty Four: This count is brought under Title II, of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. and 42 U.S.C. § 12131-12134, and its implementing regulations.

(Page 4)

# CAUSE OF ACTION

## COUNT #2 CONTINUED

<u>Paragraph Twenty-Five:</u>  Defendant TDCJ is a "public entity" within the meaning of 42 U.S.C. § 12131 (1) and 28 C.F.R. § 35.104

<u>Paragraph Twenty Six:</u>  Plaintiff was infected with Chronic Hepatis-C, which is a physiological disorder or condition that affects one or more body systems, including but not limited to the digestive, gastrontestinal, immune, circulatory, cardiovascular, and hemic system, and therefore a physical impairment. 42 U.S.C. § 12102 (1) § 28 C.F.R. §35. 108 (a)§ (b). The physical impairment substantially limits one or more major life activities, including but not limited to eating, walking, bending, lifting, concentrating,

(Page 4)

## CAUSE OF ACTION

## COUNT #2 CONTINUED

<u>Paragraph Twenty Six Continued:</u>  thinking, and communicating; the operation of major bodily functions such as digestive, gastrointestinal, immune, circulatory, cardio vascular and hemic systems, and the operation of the liver. 42 U.S.C. § 12102 (2); 28 C.F.R. § 35.108 (C).

<u>Paragraph Twenty Seven:</u>  Plaintiff has a record of having an impairment that substantially limits one or more major life activity, as he has a history of such impairment. 42 U.S.C. § 12102 (1)(B); 28 C.F.R. § 35.108 (a)(1)(ii) & (C).

<u>Paragraph Twenty Eight:</u>  Plaintiff is regarded by TDCJ-CID and TTUHSC as having an impairment that substantially limits one or more major life activity, as TDCJ-CID perceives

(Page 4)

# CAUSE OF ACTION

## COUNT # 2 CONTINUED

Paragraph Twenty Eight Continued: them as having such an impairment. 42 U.S.C., § 12102 (1)(C) & (3); 28 C.F.R. § 35.108 (a)(1)(iii) & (f). Defendant TDCJ-CID has subjected Plaintiff to a prohibited action because of an actual or perceived physical impairment.

Paragraph Twenty Nine: Plaintiff is a qualified individual with a disability because he meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by TDCJ-CID but not limited to medical services and treatment. 42 U.S.C., § 12131 (2); 28 C.F.R. § 35.104.

(Page 4)

# CAUSE OF ACTION

## COUNT #2 CONTINUED

<u>Paragraph Thirty</u>: By withholding medical treatment from Plaintiff after Dr. Rakvitt's recommendation and examination, and after recommending Tier #1 placement but not withholding medical treatment with other prisoners with disabilities or those who are not disabled Defendant TDCJ-CID excludes Plaintiff from participation in, and denies Plaintiff the benefits of TDCJ-CID services, programs, and activities (such as a cure by medical services), by reason of his disability and placement in hospice status. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

<u>Paragraph Thirty-One:</u> Defendants fail to provide Plaintiff with equal access and enjoyment of

(Page 4)

# CAUSE OF ACTION

## COUNT #2 CONTINUED

<u>Paragraph Thirty-One Continued</u>:    effective medical service.   28 C.F.R. § 35.130 (b)(1).

<u>Paragraph Thirty-Two</u>:  Defendants utilizes criteria or methods of administration that have the effect of subjecting Plaintiff to discrimination and that defeat or substantially impair accomplishment of the objectives of medical treatment for Hepatitus-C, and the collateral damage done to Plaintiff's vital organs. 28 C.F.R. § 35.130 (b)(3).

<u>Paragraph Thirty-Three</u>: Defendants has known about the correct treatment, thereby causing the delay that resulted in Plaintiff's health and infection from Hepatitus-C to worsen his condition, and caused Dr. Marci J. Odal to

(Page 4)

# CAUSE OF ACTION

## COUNT #2 CONTINUED

<u>Paragraph Thirty-Three Continued:</u>  diagnos Plaintiff's terminal illness, and place Plaintiff in hospice status, thereby exhibiting calloused and deliberate indifference to the legally protected rights of Plaintiff.

<u>Paragraph Thirty-Four:</u>  As a direct and proximate cause of these actions and omissions, after ignoring Dr. Aukvitt's recommendation and referal for Tier #1 treatment, Plaintiff has suffered and continues to suffer from excuriating pain and from terminal harm, and violations of his rights under Title II of the ADA. These harms will continue unless this honorable United States District Court intervenes and enjoins these defendants.

(Page 4)

# CAUSE OF ACTION

## COUNT #3

Rehabilitation Act, 29 U.S.C. § 791-791a

Paragraph Thirty-Five: This count is brought under Section 504, of the Rehabilitation Act (RA); 29 U.S.C, § 701, et. seq. and 29 U.S.C. § 791-794, et. seq. and its implementing regulations.

Paragraph Thirty-Six: Defendants TDCJ-CID is a state agency, program or activity receiving federal financial assistance, 29 U.S.C § 794.

Paragraph Thirty-Seven: Defendants TDCJ-CID excludes Plaintiff a qualified individual prisoner with disabilities from participation in, and denies him individually the benefits of programs, activities, solely by reason of his individual disabilities resulting from the delay of medical

(Page 4)

## CAUSE OF ACTION

## COUNT #3

<u>Paragraph Thirty-Seven Continued</u>:    treatment after Dr. Rakvitt examined Plaintiff, and Dr. Nathan A. Wright had Plaintiff transfered to the Mark Stiles Unit in Beaumont, Texas.

<u>Paragraph Thirty-Eight</u>:    Defendants subjects Plaintiff a qualified individual with disabilities — to discrimination and a pattern of discrimination.

<u>Paragraph Thirty-Nine</u>: Defendants deny Plaintiff a qualified handicapped individual the opportunity accorded to others to participate in programs and activities within TDCJ-CID. 28 C.F.R. § 52.503 (b)(i).

<u>Paragraph Forty</u>: Defendants utilizes criteria or methods of administration that either purposely or in effect

(Page 4)

## CAUSE OF ACTION

## COUNT #3

**Paragraph Forty CONTINUED:** discriminates on the basis of handicap, and defeat or substantially impair accomplishment of the objectives of the Defendants programs or activities with respect to handicapped persons. 28 C.F.R. § 42.503 (b)(3).

**Paragraph Forty One:** Defendants has known about the violations noted here in but has failed to timely correct them, thereby causing the delay that resulted in Plaintiff's health and infection from Hepatitus-C to worsen his condition, and subjecting Plaintiff to calloused and deliberate indifference to the legally protected rights of Plaintiff.

**Paragraph Forty-Two:** As a direct and proximate cause of these actions and omissions, after ignoring Dr.

(Page 4)

C. Has any court ever warned or notified you that sanctions could be imposed?  _____YES __✓__ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____ **NA**

   2. Case number: _____ **NA**

   3. Approximate date warning was issued: _____ **NA**

Executed on: _01-16-2022_
        DATE

                                    Carl David Jones
                                    (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___16___ day of __01__, 20 _22_.
         (Day)          (month)        (year)

                                      Carl David Jones
                                      (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Carl David Jones
No. 1517939, James V. Allred Unit
10- Medical Infirmary Rm #4
2101 F.M. 369 North
Iowa Park, Texas 76367-6865


January                    , 2022


U.S. District Clerk
U.S. District Court, N.D. Texas
Wichita Falls Division, Room 310
501 West Tenth Street
Fort Worth, Texas 76102


Re: Carl David Jones vs. Texas Department of
Criminal Justice, et. al., Rule 8 Complaint, 42
U.S.C. § 1983 Civil Action, Title II, Americans
with Disabilities Act (ADA), Federal Rehabilitation
Act. (FDA)


Dear Clerk:
        Please find enclosed the necessary completed federal
forms and documents to initiate my Section 1983 civil action.
Please file this with the district court, and bring this to the
Court's attention. Additionally, please find enclosed a copy
of this cover letter, with a self addressed stamped envelope
for your convenience. Please stamp my "COPY" FILED and

Return it by mail for my records.

    If there is any deficiency with filing my Rule B Complaint, or any of the other forms or documents, please do not hesitate to point them out to me and I will correct them as soon as I can.

    Thank you very much for all of your time and assistance in this federal litigation. Because of the actions and omissions of these defendants, I am dying. But for the delay and the calloused and deliberate indifference I have been subjected too, my life could have been extended and my disease cured!

                        Respectfully submitted,
                        Carl David Jones, Plaintiff

cc:file
hb3

(2)